IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE LAUE,<br><br>   Plaintiff,<br><br> v.<br><br>KENNETH G. CAMPBELL,<br><br>   Defendant. | Case No. 10-867 SC<br><br>ORDER GRANTING<br><u>MOTION TO DISMISS</u> |

## I. INTRODUCTION

This action concerns the administration of the estate of South Dakota resident Doris Laue ("Doris"). ECF No. 1 ("Compl."). Doris's son, Dale Laue ("Plaintiff"), is a devisee of Doris's will and a former personal representative of her estate. Id. ¶ 19. In response to a request by the other devisees, a South Dakota court removed Plaintiff as personal representative and replaced him with Kenneth G. Campbell ("Defendant"), a South Dakota resident. Id. ¶ 24. Plaintiff brought this suit, alleging Defendant negligently administered the estate and breached his fiduciary duty to the devisees. Id. ¶¶ 32-33. Now Defendant moves to dismiss this action, arguing that this Court lacks personal jurisdiction over Defendant; this Motion is fully briefed. ECF Nos. 7 ("Mot."), 9 ("Opp'n"), 12 ("Reply"). For the following reasons, the Court GRANTS Defendant's Motion and DISMISSES Plaintiff's action.

**II.   BACKGROUND**

Plaintiff is a California resident. Compl. ¶ 17. Plaintiff's parents, Richard and Doris Laue, were South Dakota residents. Id. ¶ 29. Richard and Doris owned a 150-acre ranch in South Dakota, as well as other property and assets outside South Dakota. Id. ¶¶ 29, 32. In 2002, Richard died, and his property descended to Doris. Id. ¶ 16. In 2003, Plaintiff moved from California to South Dakota to care for Doris and the ranch. Id. ¶ 17. In 2004, Doris died. Id. ¶ 18. As provided by Doris's will, Plaintiff was appointed personal representative of her estate. Id. ¶ 19.

Plaintiff began to administer Doris's estate. Doris's will provided that in the event Richard predeceased her, the estate would be distributed in equal shares to her sons, Wayne, Bryan, and Dale (Plaintiff). Id. ¶ 18. If any children predeceased her, that child's share was to descend to and vest in equal shares to the children of her deceased child. Id. Wayne, a California resident, had died four years earlier in 2000, and was survived by three children, Michael, Ashley, and Kevin Laue, and his ex-wife, Jodi Jarnagin ("Jarnagin"); Wayne had established a revocable trust ("the Trust") to provide for his children. Id. ¶¶ 11-13.

Plaintiff alleges that in the course of his duties as personal representative of the estate, he learned of an outstanding loan from Richard and Doris to Wayne. Id. ¶ 20. Plaintiff claims that Wayne purchased a home in San Jose, California from Richard and Doris in 1981, and that Wayne financed this purchase through a mortgage owed to Richard and Doris, secured by a Deed of Trust. Id. ¶ 8. In 1991, Richard and Doris relinquished this Deed of Trust, which allowed for the sale of the San Jose home and helped

2

Wayne and Jarnagin qualify for the purchase of a home in Pleasanton, California ("the California Property"). Id. ¶ 10. Plaintiff claims that although Richard and Doris relinquished the secured Deed of Trust, Wayne continued making payments until his death in 2000. Id. at 14. Plaintiff alleges that when Wayne died, this debt had not been paid in full, with a remaining balance of $41,216. Id. ¶ 14. Plaintiff made attempts to collect this amount from Jarnagin and the Trust, but Jarnagin denied owing the debt and the trustees "took the position that Richard and Doris had forgiven the loan after Wayne's death." Id. ¶ 21.

In 2006, Wayne's children petitioned a South Dakota court to remove Plaintiff as a personal representative of the estate and appoint Defendant, a South Dakota lawyer, in his place. Id. ¶ 24. The court granted this petition. Id. ¶ 25. Plaintiff left the ranch and returned to California. Id. ¶ 27.

In 2007, as personal representative, Defendant petitioned the South Dakota court for an order authorizing him to abandon any potential claim to the California property, as well as any claims in the two cemetery lots in San Jose, California. Id. ¶ 29. The court granted this order. Id. Defendant also subdivided and sold Richard and Doris's South Dakota ranch. Id. ¶ 32. Plaintiff claims that Defendant "refused to conduct a meaningful investigation of the Estate's rights in connection with the California Property." Id. ¶ 26. Plaintiff claims that Defendant breached his duties through the sale of the South Dakota ranch, which he characterizes as an "unauthorized forced sale." Id. ¶ 32. Plaintiff claims that Defendant did not order a current appraisal of the ranch, and that the actual value of the property was

3

1  significantly greater than the amount paid.  Id.  Plaintiff claims
2  that Defendant wasted estate funds by "depleting Estate funds to
3  pay real property taxes for the buyer, unnecessarily subdividing
4  the property and paying advertising expenses."  Id. ¶ 33.  As to
5  the California property, Plaintiff claims: "Had Defendant not
6  abandoned his duties in pursuing the Estate's claims to the
7  California Property, the Estate would have been entitled to a
8  constructive trust based on the $42,216 balance of the original
9  $75,500 mortgage not repaid from the Trust to Richard and Doris at
10 the time of Wayne's death, and a pro rata share of the appreciation
11 of the Property purchased with the loan's proceeds."  Id. ¶ 28.
12 Plaintiff argues that this share would be considerably larger than
13 the $41,216 balance, as the property had an estimated fair-market
14 value of more than $900,000 at the time.  Id.
15     Defendant moves to dismiss this action under Rules 12(b)(2)
16 and 12(b)(6) of the Federal Rules of Civil Procedure, arguing that
17 the Court lacks jurisdiction over the Defendant and that the claims
18 asserted by Plaintiff are barred by res judicata principles.  Mot.
19 at 1.  Defendant claims he lacks the requisite minimum contacts
20 with California, and that jurisdiction cannot be founded on the
21 fact that "the subject Estate, created, probated, and administered
22 in South Dakota, purportedly included an 'interest' in a piece of
23 property in California as well as cemetery plots in California."
24 Id. at 7.  Defendant argues that the focus of Plaintiff's Complaint
25 is the South Dakota ranch, which sold at auction for nearly $2.7
26 million, and not the alleged interest in the California property.
27 Id. at 8.  Defendant also argues that when Defendant was named
28 personal representative of the estate, Plaintiff lived in South

4

Dakota, and so Defendant never purposefully availed himself of the laws of California. Id. at 9. Defendant argues in the alternative that res judicata principles should bar Plaintiff's action, because Plaintiff had the opportunity to raise these claims during the South Dakota probate actions and did not do so. Id. at 12-18.

Plaintiff responds that this Court's jurisdiction over Defendant is proper.[1] Opp'n at 6. In the alternative, Plaintiff requests the Court transfer the case to the District of South Dakota. Id. at 14.

### III. LEGAL STANDARD

Where a court considers a motion to dismiss for lack of jurisdiction without an evidentiary hearing, "the plaintiff need only demonstrate facts that if true would support jurisdiction over the defendant." Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995) (citations omitted). Jurisdiction must comport with both the long-arm statute of the state in which the district court sits and

---

[1] Plaintiff also argues that Defendant's Motion should be denied because it is time-barred, arguing that under Federal Rule of Civil Procedure 12, a responsive pleading is due three weeks from service of process, and because Defendant was served on May 6, 2010, a response was due on May 27, 2010. Opp'n at 6. Defendant's Motion was filed on June 2, 2010. See Mot. Defendant responds that the Motion was filed on time. Defendant was served at his place of work through substituted personal service on Cindy Goetze, identified in the Proof of Service as Defendant's office manager. ECF No. 8 ("Proof of Service"). Defendant argues that as such, the methods of service provided by Federal Rule of Civil Procedure 4(e)(2)(A)-(C) are not satisfied, and thus service must be proper under Rule 4(e)(1), which allows any method of service proper under the law of the state in which the district court is located or where service is made. Reply at 2-3. Under Section 415.20 of California's Code of Civil Procedure, service at a defendant's place of work must be followed with a mailed copy of the summons, with service being deemed complete on the tenth day after the mailing. Because the summons was mailed on May 10, 2010, service was not complete until May 20, and thus the Motion was filed well within the timeline provided by Rule 12. Accordingly, the Court DENIES Plaintiff's request to strike the Motion as time-barred.

5

the constitutional requirements of due process.  <u>Mattel, Inc., v. Greiner & Hausser GmbH</u>, 354 F.3d 857, 863 (9th Cir. 2003).  Under California's long-arm statute, Cal. Code Civ. Proc. § 410.10, courts may exercise jurisdiction to the extent permitted by the Due Process Clause of the Constitution.  <u>Panavision v. Toeppen</u>, 141 F.3d 1316, 1320 (9th Cir. 1998).  The Due Process Clause allows federal courts to exercise jurisdiction where either: (1) the defendant has had continuous and systematic contacts with the state sufficient to subject him or her to the general jurisdiction of the court; or (2) the defendant has had sufficient minimum contacts with the forum to subject him or her to the specific jurisdiction of the court.  <u>Id.</u> at 1320.

**IV.  DISCUSSION**

   **A.   Personal Jurisdiction**

Plaintiff does not argue that Defendant's contacts with California are continuous and systematic enough to support general jurisdiction.  Opp'n at 7.  Were he to do so, the undisputed facts would be against him: Defendant is a South Dakota lawyer who has never lived in California, has no office in California, and has no assets or bank accounts in California.  Campbell Decl. ¶ 3.[2] Defendant does not engage in business activities in California, solicit California residents, or advertise his services in California.  <u>Id.</u>  Defendant has never owned any property or held a job in California.  <u>Id.</u> ¶¶ 4-5.

In light of these facts, Plaintiff argues that the Court may exercise specific jurisdiction over Defendant.  <u>Id.</u>  The Ninth

---

[2] Defendant Campbell filed a Declaration in support of his Motion. ECF No. 7-1.

6

Circuit provides a three-part test to determine if such jurisdiction comports with due process:

> (1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and (3) exercise of jurisdiction must be reasonable.

Panavision, 141 F.3d at 1320.

To satisfy the first prong of the test, the defendant must have either purposefully availed himself of the privilege of conducting business activities within the forum or purposefully directed activities toward the forum. Id. Plaintiff does not claim that Defendant purposefully availed himself of the laws of California through contacts with the state; rather, he alleges a theory of purposeful direction. Opp'n at 7. Purposeful direction exists when a defendant has committed an act outside of the forum state that was intended to and does in fact cause injury within the forum. Calder v. Jones, 465 U.S. 783, 788-89 (1984). Under Calder's "effects test," the defendant must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) which causes harm that the defendant knows is likely to be suffered in the forum state. Id.

An "intentional act" is an act by the defendant committed with the "intent to perform an actual, physical act in the real world, rather than . . . intent to accomplish a result or consequence of that act." Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1128 (9th Cir. 2010). The acts and omissions underlying

Plaintiff's claims are the failure to investigate the estate's interest in the California property, the sale of the ranch, and the wasting of assets in connection with the sale of the ranch. Id. ¶ 38.  The Ninth Circuit has not spoken definitively as to whether negligence or breach of fiduciary duty may constitute an intentional act under Calder, but some courts have suggested that only an intentional tort can satisfy Calder's first requirement. E.g., Rosenberg v. Seattle Art Museum, 42 F. Supp. 2d 1029, 1037 n.8 (W.D. Wash. 1999).

    The Court need not resolve this issue, however, because even if these alleged actions constitute intentional acts under Calder, they fail Calder's "express aiming" prong, which requires the defendant's conduct to be expressly aimed at the forum. Brayton Purcell, 606 F.3d at 1128.  When Defendant was appointed by the South Dakota court as the personal representative of the estate, Plaintiff had been living in South Dakota for several years.  Then, while Defendant executed the will, Plaintiff relocated to California.  As such, Plaintiff's status as a California resident does not alone demonstrate express aiming -- to hold otherwise would ignore the long-standing precedent of Hanson v. Denckla, 357 U.S. 235 (1958) (holding that a plaintiff's unilateral activity within a state cannot satisfy the jurisdictional requirement that the defendant have contacts with the state).  The fact that the estate may have included interest in California property, or that some of the devisees were California residents, does not aim Defendant's activity toward California.  Defendant was appointed by a South Dakota court to administer the estate of a South Dakota resident.  The primary dispute in Plaintiff's Complaint is over the

8

sale of the South Dakota ranch. None of these facts suggest Defendant aimed his out-of-state activity toward California.

For these reasons, the Court finds that it lacks personal jurisdiction over Defendant. Defendant is correct that if the Court held otherwise, any personal representative of an estate "in any of the other 49 states could be subject to California jurisdiction simply because an asset in the estate which they were appointed to administer was located in California." Mot. at 12. This would eviscerate the minimum contacts test set forth by the U.S. Supreme Court in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945), and would be inconsistent with "traditional notions of fair play and substantial justice." <u>Id.</u> at 316. Because it lacks personal jurisdiction, the Court does not reach the substantive question of whether res judicata principles bar Plaintiff's suit.

**B.     Transfer to the District of South Dakota**

Plaintiff requests that if the Court finds that it lacks jurisdiction, it should transfer the action to the District of South Dakota, pursuant to 28 U.S.C. § 1406(a). Opp'n at 14. Section 1406(a) provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, <u>or if it be in the interest of justice</u>, transfer such case to any district or division in which it could have been brought." <u>Id.</u> (emphasis added). Plaintiff provides a single sentence in support of transfer: "Plaintiff may face statute of limitations obstacles preventing him from pursuing his claims in an alternative forum." Opp'n at 14.

Plaintiff's use of the vague modal auxiliary "may" troubles the Court. The Court will not transfer a case simply for the convenience of one party, and the mere possibility that Plaintiff's causes of action might be barred by South Dakota's statute of limitations does not demonstrate that transfer is within the interest of justice. Because Plaintiff has neither identified these statute-of-limitations obstacles, nor shown the likelihood that his action will be barred if re-filed in a court in South Dakota, Plaintiff's request to transfer is DENIED.

**V.    CONCLUSION**

For the foregoing reasons, the Court finds that it lacks jurisdiction over Defendant Kenneth G. Campbell, and GRANTS Defendant's Motion to Dismiss. Plaintiff Dale Laue's request to transfer the case to the District of South Dakota is DENIED.

IT IS SO ORDERED.

Dated: August 24, 2010

UNITED STATES DISTRICT JUDGE

10